# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STARBUCKS CORPORATION, and DOES 1 through 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DANIELLE OROPEZA, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 0 8 2015

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* CENTRAL BRANCH<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>111 N. Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):* **BC 5 8 4 4 1 4** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen Bernard (SBN 56553), Bernard & Bernard, 10990 Wilshire Blvd., Ste 1175, Los Angeles, CA 90024

DATE: June 4, 2015          SHERRI R. CARTER          Clerk, by          M. Soto          , Deputy
*(Fecha)*                                        *(Secretario)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

JUN 0 8 2015

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   *Starbucks Corporation*

3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**EXHIBIT A TO J. BOLLINGER DECL. - PAGE 4**

1  STEPHEN BERNARD, ESQ., SBN 56553
   ALENA KLIMIANOK, ESQ., SBN 266910
2  BERNARD & BERNARD
   10990 Wilshire Boulevard, Suite 1175
3  Los Angeles, CA 90024-4305
   Telephone: 310-312-0220
4  Facsimile: 310-312-0016

5  Attorneys for Plaintiff,
   DANIELLE OROPEZA

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**JUN 0 8 2015**

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

6

7  ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

8  ### FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

**BC 5 8 4 4 1 4**

| | |
|---|---|
| 9  DANIELLE OROPEZA, an<br>individual, | CASE NO.: |
| 10 | **COMPLAINT FOR DAMAGES:** |
| 11        Plaintiff, | **1.   PREGNANCY / SEX /<br>DISABILITY<br>DISCRIMINATION;** |
| 12  v. | |
| 13 | **2.   FAILURE TO<br>ACCOMMODATE<br>PREGNANCY-RELATED<br>DISABILITY;** |
| 14  STARBUCKS CORPORATION;  and<br>DOES 1 through 50, Inclusive, | |
| 15 | **3.   WRONGFUL TERMINATION<br>IN VIOLATION OF PUBLIC<br>POLICY;** |
| 16        Defendants. | |
| 17 | **4.   RETALIATION;** |
| 18 | **5.   FAILURE TO INVESTIGATE;** |
| 19 | **6.   FAILURE TO TAKE<br>REASONABLE STEPS TO<br>PREVENT<br>DISCRIMINATION;** |
| 20 | |
| 21 | |
| 22 | **7.   HOSTILE WORK<br>ENVIRONMENT<br>HARASSMENT;** |
| 23 | |
| 24 | **8.   NEGLIGENT HIRING,<br>SUPERVISION AND/OR<br>RETENTION;** |
| 25 | |
| 26 | **9.   INTENTIONAL INFLICTION<br>OF EMOTIONAL DISTRESS.** |
| 27 | |
| 28 | **DEMAND FOR JURY TRIAL** |

1

**COMPLAINT FOR DAMAGES**

**COMES NOW**, Plaintiff Danielle Oropeza for a cause of action against Defendants, and each of them, hereby alleges as follows:

### (Parties and Agency)

1.      At all times relevant herein, Plaintiff Danielle Oropeza, hereinafter referred to as "Danielle," "Ms. Oropeza" or "Plaintiff" was and currently is a resident of Los Angeles, State of California.

2.      Plaintiff is informed and believe and thereon alleges that at all times relevant hereto Defendant Starbucks Corporation, was and now is a corporation organized under the laws of the state of Washington, and registered to do business in the state of California (hereinafter referred to as "Starbucks" or "Defendant").

3.      Whenever in this Complaint reference is made to "Defendants," such allegations shall be deemed to refer to Starbucks and Does 1 through 50, inclusive, and shall mean the acts of Defendants acting individually, jointly, and/or severally.

4.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue said Defendants by their fictitious names. Plaintiffs are informed and believe. And based thereon allege, that each of the Defendants designated therein as Doe is legally responsible in some manner for the events and happenings referred to herein and caused injury and damages proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as Does when the same have been finally ascertained.

5.      Plaintiff is informed, believes and thereon alleges, that at all times mentioned herein, each of the Defendants was the agent, servant, employee, co-venturer and co-conspirator of each of the remaining Defendants, and was at all times herein mentioned, acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of such agency, employment, joint venture, and conspiracy, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the

2

**COMPLAINT FOR DAMAGES**

1  selection and hiring of each and every other Defendant as an agent, employee and/or joint

2  venturer.

3       6.    Defendants, and each of them, through their managers, directors, officers,

4  and other agents, directly oversaw, managed, and/or controlled all aspects of the

5  operation and management of said Defendants, including, but not limited to staffing, staff

6  training, policy and procedure manuals which Defendants' employees were required to

7  implement and follow.

8       7.    Defendants, and each of them, through their administrators, directors and

9  managing agents ratified all conduct of Defendants as alleged herein.

10       8.    At all relevant times, Defendants, and each of them, by their acts and

11  omissions as alleged herein, operated pursuant to an agreement, with a common purpose

12  and community of interest, with an equal right of control, and subject to participation in

13  profits and losses, as further alleged herein, such that they operated a joint enterprise or

14  joint venture, subjecting each of them to liability for the acts and omission of each other.

15                                                 **(Venue)**

16       9.    Venue is properly located in Los Angeles County because Defendants'

17  wrongful acts occurred in Los Angeles County, and the corporate Defendant operates in

18  Los Angeles County.

19                         **(Facts Common to All Counts)**

20      10.    Ms. Oropeza began working for Starbucks in or about November 2014. At

21  all times relevant hereto, Plaintiff was employed by Starbucks in a position of a Barista.

22      11.    In or about January 2015, Ms. Oropeza notified her supervisor Shelly

23  Clunas, the store manager, that she was pregnant.

24      12.    Shortly thereafter, Ms. Oropeza was subjected to severe and pervasive

25  discrimination and harassment on the basis of her pregnancy and was targeted for

26  termination. She was overly scrutinized and written up for conduct that non-pregnant

27  employees engaged in regularly without reprimand. Furthermore, despite of and due to

28  her continuous requests for accommodation based on her pregnancy-related disability, she

**COMPLAINT FOR DAMAGES**

1    continued to be subjected to harassment and discrimination. As such:

2    (1)    Ms. Oropeza notified her supervisors that she was unable to stand for
3           prolonged periods of time and was developing preeclampsia (per doctor's
4           note). Nevertheless, she was scheduled to work at the primary registry for
5           over 4 (four) hours straight with no one to relieve her. Contrary to her
6           doctor's recommendation, she was not allowed to sit down and/or
7           ambulate, and would get severe cramps in her legs. When she attempted to
8           move around to relieve the discomfort, she was reprimanded by the
9           management.

10   (2)    Like most pregnant women, Ms. Oropeza developed urinary incontinence
11          and thus required frequent bathroom breaks. A doctor's note to that effect
12          was supplied to Ms. Clunas. However, Ms. Oropeza's requests for
13          restroom breaks would often be dismissed and she would be asked to wait
14          for the next available rest period. That caused her extreme discomfort and
15          constituted severe health risks.

16   (3)    Due to her pregnancy, Ms. Oropeza required snack breaks. Starbucks'' "no
17          food or drink policy" precluded Ms. Oropeza from consuming any liquids
18          or foods during her continuos shifts of over 4 hours, contrary to her
19          doctor's recommendations, casing near syncope episodes. Furthermore,
20          because Ms. Oropeza was not allowed to use the bathroom at the time she
21          needed it (see above), she was forced to utilize her 10 minute rest periods
22          for her bathroom breaks. There is no employee bathroom facility at the
23          subject location and therefore, Ms. Oropeza would frequently have to stand
24          in line along with the customers thereby relinquishing her snack breaks.

25   (4)    Ms. Oropeza was required to clean the bathrooms utilizing highly toxic
26          chemicals. She indicated that she was unable to do so due to the pregnancy-
27          related restrictions and produced a doctor's note to that effect.
28          Nevertheless, she was instructed to wear a face mask and forced to

4

**COMPLAINT FOR DAMAGES**

EXHIBIT A TO J. BOLLINGER DECL. - PAGE 8

1    continue.

2    13.    Ms. Oropeza brought all of these complaints to the attention of Ms. Clunas

3    who stated that she would look into it. When the discrimination and harassment continued

4    without a slightest abatement, Ms. Oropeza contacted Starbucks' HR Office and filed a

5    formal complaint.

6    14.    In or about March 2015, Ms. Oropeza (9 months pregnant) notified Ms.

7    Clunas that she was planning on starting her maternity leave on April 4, 2015. On April

8    1, 2015, Ms. Oropeza was summoned to the management office and notified by Mark

9    Jones, a manager, that she was being terminated from her employment for pretextual

10   reasons. Mr. Jones commented that Ms. Oropeza was becoming a burden, that they were

11   there to "run a business," and that her multiple requests for accommodation were

12   becoming a problem. Ms. Oropeza was escorted out, not allowed to pick up her personal

13   belongings and never given a copy of her termination documentation despite her

14   numerous requests.

15   15.    The harassment, discrimination and the ultimate termination caused Ms.

16   Oropeza severe stress, anxiety, crying spells, and depression. Starbucks and its agents and

17   employees harassed, discriminated, and retaliated against Ms. Oropeza based on her

18   disabilities, need for medical leave, and need for accommodations. Despite being aware

19   of Ms. Oropeza's disabilities and need for accommodations, Starbucks continued to

20   demand Ms. Oropeza engage in activities she was not allowed to engaged in due to her

21   pregnancy. Ms. Oropeza engaged in a protected activity and protested against the

22   harassment, discrimination, and retaliation she was being subjected to based on her

23   disability but Starbucks simply dismissed those complaints.

24   16.    Plaintiff is informed, believes and herein alleges that other person (people)

25   was (were) contracted to perform her duties immediately after her termination.

26   17.    In perpetrating the acts and omissions alleged herein, Defendants, and each

27   of them, acted pursuant to and in furtherance of a policy and practice of harassment and

28   discrimination based on Plaintiff's pregnancy by retaliating against her for asserting her

5

**COMPLAINT FOR DAMAGES**

1   right to pregnancy accommodation; failing to transfer; failing to accommodate; and

2   making adverse employment decisions such as disciplinary action and termination on the

3   basis of Plaintiff's pregnancy.

4       18.     Furthermore, the outrageous conduct of Defendants, described above, was

5   done with malice, fraud and oppression; with conscious disregard for Plaintiff's rights;

6   and with the intent, design and purpose of injuring Plaintiff. Said Defendants through its

7   officers, managing agents and/or supervisors authorized, condoned and/or ratified the

8   unlawful conduct of all of the other Defendants named in this action. By reason thereof,

9   Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum

10  according to proof at trial.

11                  **(Exhaustion of Administrative Remedies)**

12      19.     Plaintiff filed a complaint with the State of California, Department of Fair

13  Employment and Housing, hereinafter referred to as ("DFEH"); on or about June 4, 2015.

14  On June 4, 2015, the DFEH issued a right to sue and notice of case closure.[1]

15                       **FIRST CAUSE OF ACTION**

16          **PREGNANCY / SEX / DISABILITY DISCRIMINATION**

17                        **(Against All Defendants)**

18      20.     Plaintiff hereby realleges and incorporates by reference, as though fully set

19  forth herein, the allegations contained in paragraphs 1 through 20.

20      21.     This cause of action arises in part under California Government Code

21  Section 12940, which states in relevant part: "It is an unlawful employment practice,

22  unless based upon a bona fide occupational qualification, or, except where based upon

23  applicable security regulations established by the United States or the State of California:

24  (a) For an employer, because of the race, religious creed, color, national origin, ancestry,

25  physical disability, mental disability, medical condition, marital status, sex, age, or sexual

26  orientation of any person, to refuse to hire or employ the person or to refuse to select the

27

28      [1] See **Exhibit A** for a true and correct copy of DFEH Complaint and Notice of
    Case Closure / Right to Sue Letter.

                                    6
                      **COMPLAINT FOR DAMAGES**

1  person for a training program leading to employment, or to bar or to discharge the person

2  from employment or from a training program leading to employment, or to discriminate

3  against the person in compensation or in terms, conditions, or privileges of employment."

4      22.    Plaintiff is informed and believes that her sex, medical condition and/or

5  pregnancy-related disability, were a motivating reason in Defendant's decision to

6  terminate her.

7      23.    At all times hereinafter mentioned, Plaintiff was an employee protected by

8  the California Fair Employment and Housing Act.

9      24.    Defendants, by and through their agents and employees, engaged in a

10  pattern and practice of unlawful discrimination against Plaintiff on the basis of her sex,

11  disability, and pregnancy in violation of the California Fair Employment and Housing

12  Act.

13      25.    As is detailed above, Defendants made inappropriate comments about

14  Plaintiff's pregnancy and condition, created a hostile work environment regarding her

15  pregnancy, denied reasonable accommodations to Plaintiff, refused to engage in a good

16  faith interactive dialogue with her, demoted her, and further discriminated against her by,

17  *inter alia*, terminating her. All these actions, among others, were motivated, at least in

18  part, by animus toward Plaintiff because of her sex, disability and pregnancy.

19      26.    Upon information and belief, Plaintiff alleges that in addition to the

20  practices enumerated above. Defendants engaged in other discriminatory practices against

21  Plaintiff which are not yet fully known. At such time as said discriminatory practices

22  become known, Plaintiff will seek leave of Court to amend this Complaint.

23      27.    As a proximate result of Defendants' willful, knowing and intentional

24  discrimination against her, Plaintiff has suffered mental anguish, medical expenses, and

25  lost earnings and benefits. Plaintiff is thereby entitled to general and compensatory

26  damages in amounts to be proven at trial.

27      28.    As a further direct and proximate result of Defendant's violation of

28  Government Code §12900, et seq. as set forth above, the Plaintiff has been compelled to

**COMPLAINT FOR DAMAGES**

**EXHIBIT A TO J. BOLLINGER DECL. - PAGE 11**

1  retain the services of counsel in an effort to enforce the terms and conditions of the

2  employment relationship with Defendant, and has thereby incurred, and will continue to

3  incur, legal fees and costs, the full nature and extent of which are presently unknown.

4  Plaintiff requests that attorneys' fees be awarded pursuant to Government Code §12965

5  according to proof.

6      29.    Because the discriminatory acts against Plaintiff were carried out,

7  authorized or ratified by Defendants' directors, supervisors, shareholders, officers and/or

8  managing agents, acting with malice, oppression or fraud, or deliberate, willful and

9  conscious disregard of the probability of causing injury to Plaintiff, as reflected by actions

10 described earlier in this Complaint, and because said Defendants through their officers,

11 managing agents and/or supervisors authorized, condoned and/or ratified the unlawful

12 conduct of all of the other Defendants named in this action, Plaintiff seeks punitive

13 damages against Defendants, in order to deter them from such and similar conduct in the

14 future. Defendants' willful violation of FEHA is a violation of a fundamental public

15 policy against discrimination and is therefore subject to punitive damages.

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE PREGNANCY-RELATED DISABILITY

#### (Against All Defendants)

19     30.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38

20 above as though fully set forth in detail herein.

21     31.    Defendants, and each of them, by and through their agents and employees,

22 engaged in an unlawful employment practice when they failed to provide reasonable

23 accommodations to the disabled plaintiff in violation of The Fair Employment and

24 Housing Act.

25     32.    Plaintiff notified Defendants that she was suffering from a pregnancy-

26 related disability and requested a reasonable accommodation. Her request for

27 accommodation was reasonable and did not cause the defendant to suffer an undue

28 burden. Defendants refused to provide any reasonable accommodation, demoted Plaintiff,

8

**COMPLAINT FOR DAMAGES**

and later terminated Plaintiff.

33. Upon information and belief, Plaintiff alleges that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against Plaintiff which are not yet fully known. At such time as said discriminatory practices become known, Plaintiff will seek leave of Court to amend this Complaint.

34. As a proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has suffered mental anguish, medical expenses, and lost earnings and benefits. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

35. As a further direct and proximate result of Defendants in violation of Government Code § 12900, et seq., as set forth above, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown. Plaintiff requests that attorneys' fees be awarded pursuant to Government Code § 12965 according to proof.

36. Furthermore, the outrageous conduct of Defendants, described above, was done with malice, fraud and oppression; with conscious disregard for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff. Said Defendants through its officers, managing agents and/or supervisors authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

## THIRD CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against All Defendants)

37. Plaintiff re-alleges the information set forth in Paragraphs 1 through 45 above, and incorporates these paragraphs into this cause of action as if they were fully

9

**COMPLAINT FOR DAMAGES**

1   alleged herein.

2       38.   At all time relevant herein, Article 1, Section 8 of the California

3   Constitution, California Government Code §§12940, 12945, California Business and

4   Professions Code §§ 17200, were in full force and effect and were binding on all

5   Defendants.

6       39.   Plaintiff believes and thereon alleges that failure to accommodate her

7   pregnancy and pregnancy discrimination were motivating reasons in Defendants' decision

8   to terminate her. Moreover, Plaintiff believes that a motivating reason in Defendants'

9   decision to terminate her was that Defendants did not want to allow Plaintiff to take a

10  pregnancy leave or to provide a reasonable accommodation for the Plaintiff's pregnancy

11  or related medical conditions. Such discrimination is in violation of the public policy of

12  the State of California as reflected in Gov Code §§12940 and 12945 and has resulted in

13  damages and injury to Plaintiff as alleged herein.

14      40.   Defendants' actions, as mentioned, including without limitation,

15  discrimination based on Defendants' medical condition, retaliation, denial of pregnancy

16  leave, and refusal to provide reasonable accommodation for Plaintiff's pregnancy, and

17  their decision to terminate Plaintiff effects society at large as it violates the following

18  policies:

19      a.   Article 1, Section 8 of the California Constitution and the public

20  policy of the State of California thereon, which required all Defendants to refrain from

21  committing acts of discrimination based on sex, pregnancy and/or pregnancy-related

22  disability and wrongful termination stemming from such discrimination.

23      b.   Gov. Code §12940 et seq. And the public policy of the State of

24  California which required all Defendants to refrain from committing acts of

25  discrimination based on sex, pregnancy and/or pregnancy-related disability and wrongful

26  termination stemming from such discrimination.

27      c.   Gov. Code §12945 which provides that it shall be an unlawful

28  employment practice, unless based upon a bona fide occupational qualification: (a) For

10

**COMPLAINT FOR DAMAGES**

1 | an employer to refuse to allow a female employee disabled by pregnancy, childbirth, or

2 | related medical conditions to take a leave for a reasonable period of time not to exceed

3 | four months and thereafter return to work. as set forth in the commission's regulations...;

4 | (b)(1) For an employer to refuse to provide reasonable accommodation for an employee

5 | for conditions related to pregnancy, childbirth, or related medical conditions, if she so

6 | requests, with the advice of her health care provider; (2) For an employer who has a

7 | policy, practice, or collective bargaining agreement requiring or authorizing the transfer

8 | of temporarily disabled employees to less strenuous or hazardous positions for the

9 | duration of the disability to refuse to transfer a pregnant female employee who so

10 | requests; (3) For an employer to refuse to temporarily transfer a pregnant female

11 | employee to a less strenuous or hazardous position for the duration of her pregnancy if

12 | she so requests. with the advice of her physician. where that transfer can be reasonably

13 | accommodated;

14 |         d.      California Business and Professions Code §§17200 et seq. which

15 | prohibits any unlawful, unfair or fraudulent business act or practice;

16 |         e.      Such other further and alternative laws, policies, regulations and

17 | ordinances that the evidence shows were violated.

18 |     41.     Defendants violated articulated, fundamental public policies affecting

19 | society at large, by violating the statutes described above.

20 |     42.     Furthermore, Plaintiff is informed, believes and hereby alleges that

21 | Defendants fabricated evidence to justify discharging Plaintiff in wilful and conscious

22 | disregard for Employee's rights.

23 |     43.     As a direct, foreseeable, and proximate result of Defendants' numerous

24 | violations, Plaintiff has suffered and continues to suffer humiliation, embarrassment,

25 | mental and emotional distress, substantial losses in salary. bonus. job benefits, and other

26 | employment benefits she would have received from Defendants, all to Plaintiff's damage,

27 | in an amount unknown at this time but to be proven at trial.

28 |     44.     Based on the grossly reckless and/or intentional, malicious, and bad faith

11

**COMPLAINT FOR DAMAGES**

1  manner in which Defendants conducted themselves as described herein, by willfully

2  violating those statutes enumerated above, Plaintiff prays for punitive damages against

3  Defendants in an amount to be determined at the time of trial, that is sufficiently high to

4  punish Defendants, and deter Defendants from engaging in such conduct in the future,

5  and to make an example them to others.

6      45.    Plaintiff is informed and believes and thereon alleges that the outrageous

7  conduct of Defendants described above was done with oppression and malice and was

8  ratified by the other individuals who were managing agents of those directly responsible.

9      46.    These unlawful acts were further ratified by Defendants and done with a

10  conscious disregard for Plaintiff's rights and with the intent, design and purpose of

11  injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary

12  damages against Defendants for their acts as described in this cause of action in a sum

13  to be determined at the time of trial.

14  

**FOURTH CAUSE OF ACTION**

15  **RETALIATION**

**(Against All Defendants)**

16      47.    Plaintiff re-alleges the information set forth in Paragraphs 1 through 54

17  above, and incorporates these paragraphs into this cause of action as if they were fully

18  alleged herein.

19      48.    Defendants, and each of them, by and through their agents and employees,

20  engaged in an unlawful employment practices in that when Plaintiff notified them of her

21  pregnancy and her pregnancy-related disability, and request reasonable accommodation,

22  they failed to provide such reasonable accommodations to Plaintiff, demoted, and later

23  terminated her.

24      49.    The conduct above by Defendants constitutes unlawful retaliation for

25  requesting a protected leave or accommodation under California Government Code

26  §§12926, 12940, 12945, et seq.

27      50.    Upon information and belief, Plaintiff alleges that in addition to the

28  practices enumerated above, Defendants have engaged in other discriminatory practices

12

**COMPLAINT FOR DAMAGES**

1  against Plaintiff which are not yet fully known. At such time as said discriminatory

2  practices become known, Plaintiff will seek leave of Court to amend this Complaint.

### FIFTH CAUSE OF ACTION

### FAILURE TO INVESTIGATE

### (Against All Defendants)

6  51.   Plaintiff hereby realleges and incorporates by reference, as though fully set

7  forth herein, the allegations contained in paragraphs 1 through 58.

8  52.   Defendants are employers in the State of California, as defined in the

9  California Fair Employment and Housing Act ("FEHA").

10  53.   Defendants failed to investigate after having knowledge of discriminatory

11  incidents, *i.e.* Defendants agents' failure to accommodate Plaintiff after learning of her

12  pregnancy, and her wrongful termination. This failure is in violation of the California Fair

13  Employment and Housing Act.

14  54.   As a direct and proximate result of Defendants' failure to investigate as

15  described in this Complaint, Plaintiff has sustained and will suffer damages in an amount

16  within the jurisdiction of this court, the exact amount to be proven at trial.

17  55.   In addition, Plaintiff is entitled to attorney's fees in prosecution of this

18  lawsuit, pursuant to Government Code Section 12965 (b).

19  56.   Further, because the failure to investigate was an omission committed by

20  Defendants, including officers, supervisors, shareholders, directors and/or managing

21  agents of the company, who acted with malice, oppression or fraud, or were deliberate,

22  willful and acted in conscious disregard of the probability of causing injury to Plaintiff,

23  Plaintiff seeks punitive damages against Defendants in order to deter them from such

24  conduct and allowing such conduct in the future. Defendants' willful violation of FEHA

25  is a violation of a fundamental public policy against discrimination and is therefore

26  subject to punitive damages.

27  ///

28  ///

13

**COMPLAINT FOR DAMAGES**

## SIXTH CAUSE OF ACTION

## FAILURE TO TAKE REASONABLE STEPS TO PREVENT

## DISCRIMINATION

### (Against All Defendants)

57.     Plaintiff hereby realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 64.

58.     Defendants were and at all times relevant herein were employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

59.     Defendants failed to take all reasonable steps to prevent discrimination before and/or after Plaintiff gave notice of her pregnancy discrimination, by among other things, failing to train supervisors, and failing to comply with posting requirements. This failure is in violation of the California Fair Employment and Housing Act.

60.     As a direct and proximate result of Defendants' failure to take all reasonable steps to prevent discrimination as described in this complaint, Plaintiff has sustained and will suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

61.     In addition, Plaintiff is entitled to attorney's fees in prosecution of this lawsuit, pursuant to Government Code Section 12965(b).

62.     Further, because the failure to take all reasonable steps to prevent discrimination, and harassment, and/or retaliation, was an omission committed by Defendants, including officers, supervisors, directors and/or managing agents of the company, who acted with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to Plaintiff by failing to act, Plaintiff seeks punitive damages against Defendants in order to deter them from such conduct and allowing such conduct in the future. Defendants' violation of FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

COMPLAINT FOR DAMAGES

EXHIBIT A TO J. BOLLINGER DECL. - PAGE 18

## SEVENTH CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT HARASSMENT

### (Against All Defendants)

63. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates same by this reference as though set forth at length herein.

64. The above acts and omissions intentionally created an ongoing hostile work environment and/or sexual harassment against Plaintiff, and were intended to harass Plaintiff and other similarly situated females because of their sex.

65. As a direct and proximate result of Defendants' unlawful conduct as alleged in this Complaint, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, sleeplessness, and emotional distress.

66. As a direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity, and other losses.

67. Because the Defendants failed to prevent discrimination and harassment in violation of the Fair Employment and Housing Act, Plaintiff is entitled to recover attorney's fees and costs in this action pursuant to California Government Code Section 12965(b).

68. Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

## EIGHTH CAUSE OF ACTION

## NEGLIGENT HIRING, SUPERVISION, AND/OR RETENTION

### (Against All Defendants)

69. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates same by this reference as though

15

1    set forth at length herein.

2        70.    Defendants Starbucks DOES 1-50 negligently hired, supervised, and/or

3    retained its employees, Shelly Clunas and Mark Jones.

4        71.    Plaintiff is informed, believes and thereon alleges that Defendant Starbucks

5    knew or should have known of those employees' unfitness or incompetence to perform

6    the job but unreasonably retained and/or failed to supervise them.

7        72.    Plaintiff is informed, believes and herein alleges that Defendant Starbucks

8    breached its duty of care to Plaintiff by failing to properly supervise, and by retaining said

9    employees as follows: (a) by failing to take action following reports of pregnancy

10   discrimination and harassment committed by Mark Jones and Shelly Clunas; (b) by

11   disregarding prior complaints and reports of harassment against Mark Jones and Shelly

12   Clunas; (c) by retaining Mark Jones and Shelly Clunas as employees, all of which created

13   an unreasonable risk of harm to all Starbucks' employees and beneficiaries. The harm

14   suffered by Plaintiff could have been avoided if Starbucks had reasonably supervised its

15   employees because ti would have discovered that they were acting unlawfully.

16       73.    The harm caused by Mark Jones and Shelly Clunas was directly related to

17   their unfitness for the job.

18       74.    As a further proximate result of Starbucks' and its employees' acts and/or

19   omissions, Plaintiff has suffered humiliation, mental anguish, and emotional distress in

20   the amount to be proven at trial.

21                          **NINTH CAUSE OF ACTION**

22            **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

23                          **(Against All Defendants)**

24       75.    Plaintiff re-alleges and incorporates by reference each and every allegation

25   of all previous and subsequent paragraphs in this complaint as though fully set forth in

26   this cause of action.

27       76.    Defendants' discrimination, harassment, and failure to prevent and

28   investigate either as set forth herein, were so outrageous and extreme as to exceed all

                                    16
                          **COMPLAINT FOR DAMAGES**

1   bounds of that usually tolerated in a civilized community. Such actions and omissions

2   were done knowingly, intentionally, willfully, and with the intent and/or reckless

3   disregard of the probability of causing Plaintiff serious and severe emotional distress.

4        77.     As a direct and proximate result of the said acts, Plaintiff has suffered great

5   mental, physical, nervous discomfort, annoyance, distress, anguish, worry, anxiety, pain

6   and suffering, and has lost wages and related benefits, past and future.

7        78.     Plaintiff is informed and believes, and thereon alleges that Defendants'

8   actions and omissions were despicable conduct that constitutes fraud, oppression

9   and/malice within the meaning of California Civil Code Section 3294 and subjected

10  PLAINTIFF to cruel ad unjust hardship in conscious disregard for his rights and safety.

11       79.     Wherefore, Plaintiff has been damaged as set forth above and requests

12  relief as hereafter provided.

13       **WHEREFORE** Plaintiff prays for judgment against Defendants jointly and

14  severally as follows:

15  **AS TO THE FIRST CAUSE OF ACTION:**

16       1.      For general and special damages in the amount to be proven at trial;

17       2.      For exemplary and punitive damages;

18       3.      For attorney's fees as allowed by law;

19       4.      For interest, including prejudgment interest, at the legal rate;

20       4.      For costs of suit herein incurred.

21  **AS TO THE SECOND CAUSE OF ACTION:**

22       1.      For general and special damages in the amount to be proven at trial;

23       2.      For exemplary and punitive damages;

24       3.      For attorney's fees as allowed by law;

25       4.      For costs of suit herein incurred.

26  **AS TO THE THIRD CAUSE OF ACTION:**

27       1.      For general and special damages in the amount to be proven at trial;

28       2.      For exemplary and punitive damages;

**COMPLAINT FOR DAMAGES**

**EXHIBIT A TO J. BOLLINGER DECL. - PAGE 21**

3.    For attorney's fees as allowed by law;

4.    For costs of suit herein incurred.

**AS TO THE FOURTH CAUSE OF ACTION:**

1.    For general and special damages in the amount to be proven at trial;

2.    For exemplary and punitive damages;

3.    For attorney's fees as allowed by law;

4.    For costs of suit herein incurred.

**AS TO THE FIFTH CAUSE OF ACTION:**

1.    For general and special damages in the amount to be proven at trial;

2.    For exemplary and punitive damages;

3.    For attorney's fees as allowed by law;

4.    For costs of suit herein incurred.

**AS TO THE SIXTH CAUSE OF ACTION:**

1.    For general and special damages in the amount to be proven at trial;

2.    For exemplary and punitive damages;

3.    For attorney's fees as allowed by law;

4.    For costs of suit herein incurred.

**AS TO THE SEVENTH CAUSE OF ACTION:**

1.    For general and special damages in the amount to be proven at trial;

2.    For exemplary and punitive damages;

3.    For attorney's fees as allowed by law;

4.    For costs of suit herein incurred.

**AS TO THE EIGHTH CAUSE OF ACTION:**

1.    For general and special damages in the amount to be proven at trial;

2.    For exemplary and punitive damages;

3.    For costs of suit herein incurred.

**AS TO THE NINTH CAUSE OF ACTION:**

1.    For general and special damages in the amount to be proven at trial;

18

**COMPLAINT FOR DAMAGES**

2.    For exemplary and punitive damages;

3.    For costs of suit herein incurred.

**AS TO ALL CAUSES OF ACTION:**

For such other and further relief as the court may deem appropriate.

Respectfully submitted,
BERNARD & BERNARD

Dated: _____6/4/2015_____, 2015         By: _____

STEPHEN BERNARD, ESQ.
ALENA KLIMIANOK, ESQ.
Attorney for Plaintiff,
DANIELLE OROPEZA

19

**COMPLAINT FOR DAMAGES**

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                        DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

# AMENDED

June 04, 2015

Danielle Oropeza
10990 Wilshire Blvd., Suite 1175
Los Angeles CA 90024

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 98596-162377-R
Right to Sue: Oropeza / Starbucks Corporation

Dear Danielle Oropeza,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 04, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**EXHIBIT A TO J. BOLLINGER DECL. - PAGE 25**

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758                           DIRECTOR KEVIN KISH
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

**AMENDED**

Enclosures

cc:

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
#### Under the California Fair Employment and Housing Act
#### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                    DFEH No. 98596-162377-R
Danielle Oropeza, Complainant.
10990 Wilshire Blvd., Suite 1175
Los Angeles CA 90024

vs.

Starbucks Corporation Respondent.
2710 Gateway Oaks Dr., Suite 150N
Sacramento,  California 95833

Complainant alleges:

1. Respondent **Starbucks Corporation** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

2. On or around **April 01, 2015**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Asked impermissible non-job-related questions, Demoted, Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied continuation of employer-paid health care coverage while on pregnancy disability leave, Denied employment, Denied equal pay, Denied family care or medical leave, Denied or forced to transfer, Denied pregnancy leave, Denied reasonable accommodation, Terminated,** . Complainant believes respondent committed these actions because of their: **Disability, Engagement in Protected Activity, Family Care or Medical Leave, Race, Sex- Gender, Sex - Pregnancy** .

3. Complainant **Danielle Oropeza** resides in the City of **Los Angeles**, State of **CA**.  If complaint includes co-respondents please see below.

DFEH 902-1

-5-
*Complaint – DFEH No. 98596-162377-R*

Date Filed: June 04, 2015

Date Amended: June 04, 2015

**EXHIBIT A TO J. BOLLINGER DECL. - PAGE 27**

1

2

**Additional Complaint Details:**

3

4

Complainant Danielle A. Oropeza began working for Respondent Starbucks Corporation in or about November 2014. In or about January 2015, Ms. Oropeza notified her supervisor Shelly Clunas, the store manager, that she was pregnant. Shortly thereafter, Ms. Oropeza was subjected to severe and pervasive discrimination and harassment on the basis of her pregnancy and was targeted for termination. She was overly scrutinized and written up for conduct that non-pregnant employees engaged in regularly without reprimand. Furthermore, despite of and due to her continuous requests for accommodation based on her pregnancy-related disability, she continued to be subjected to harassment and discrimination. As such:(1) Ms. Oropeza notified her supervisors that she was unable to stand for prolonged periods of time and was developing preeclampsia (per doctors note). Nevertheless, she was scheduled to work at the primary registry for over 4 (four) hours straight with no one to relieve her. Contrary to her doctors recommendation, she was not allowed to sit down and/or ambulate, and would get severe cramps in her legs. When she attempted to move around to relieve the discomfort, she was reprimanded by the management.(2)Like most pregnant women, Ms. Oropeza developed urinary incontinence and thus required frequent bathroom breaks. A doctors note to that effect was supplied to Ms. Clunas. However, Ms. Oropezas requests for restroom breaks would often be dismissed and she would be asked to wait for the next available rest period. That caused her extreme discomfort and constituted severe health risks. (3) Due to her pregnancy, Ms. Oropeza required snack breaks. Starbucks no food or drink policy precluded Ms. Oropeza from consuming any liquids or foods during her continuous shifts of over 4 hours, contrary to her doctors recommendations, casing near syncope episodes. Furthermore, because Ms. Oropeza was not allowed to use the bathroom at the time she needed it (see above), she was forced to utilize her 10 minute rest periods for her bathroom breaks. There is no employee bathroom facility at the subject location and therefore, Ms. Oropeza would frequently have to stand in line along with the customers thereby relinquishing her snack breaks.(4) Ms. Oropeza was required to clean the bathrooms utilizing highly toxic chemicals. She indicated that she was unable to do so due to the pregnancy-related restrictions and produced a doctors note to that effect. Nevertheless, she was instructed to wear a face mask and forced to continue.Ms. Oropeza brought all of these complaints to the attention of Ms. Clunas who stated that she would look into it. When the discrimination and harassment continued without the slightest abatement, Ms. Oropeza contacted Starbucks HR Office and filed a formal complaint.In or about March 2015, Ms. Oropeza (9 months pregnant) notified Ms. Clunas that she was planning on starting her maternity leave on April 4, 2015. On April 1, 2015, Ms. Oropeza was summoned to the management office and notified by Mark Jones, a manager, that she was being terminated from her employment for pretextual reasons. Mr. Jones

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

-6-

*Complaint – DFEH No. 98596-162377-R*

Date Filed: June 04, 2015

Date Amended: June 04, 2015

DFEH 902-1

**EXHIBIT A TO J. BOLLINGER DECL. - PAGE 28**

commented that Ms. Oropeza was becoming a burden, that they were there to run a business, and that her multiple requests for accommodation were becoming a problem. Ms. Oropeza was escorted out, not allowed to pick up her personal belongings and never given a copy of her termination documentation despite her numerous requests.The harassment, discrimination and the ultimate termination caused Ms. Oropeza severe stress, anxiety, crying spells, and depression. Starbucks and its agents and employees harassed, discriminated, and retaliated against Ms. Oropeza based on her disabilities, need for medical leave, and need for accommodations. Despite being aware of Ms. Oropezas disabilities and need for accommodations, Starbucks continued to demand Ms. Oropeza engage in activities she was not allowed to engaged in due to her pregnancy. Ms. Oropeza engaged in a protected activity and protested against the harassment, discrimination, and retaliation she was being subjected to based on her disability but Starbucks simply dismissed those complaints. In perpetrating the acts and omissions alleged herein, Starbucks acted pursuant to and in furtherance of a policy and practice of harassment and discrimination based on Complainants pregnancy by retaliating against her for asserting her right to pregnancy accommodation, failing to transfer, failing to accommodate, and making adverse employment decisions such as disciplinary action and termination on the basis of Complainants pregnancy.

DFEH 902-1

-7-

*Complaint – DFEH No. 98596-162377-R*

Date Filed: June 04, 2015

Date Amended: June 04, 2015

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ALENA KLIMIANOK   (Bar # 266910)
Bernard & Bernard
10990 Wilshire Blvd., Suite 1175, Los Angeles, CA 90024
TELEPHONE NO.: (310) 312-0220   FAX NO.: (310) 312-0016
ATTORNEY FOR *(Name):* DANIELLE OROPEZA, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: (same)
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
OROPEZA v. STARBUCKS CORPORATION, et al.

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 0 8 2015

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 5 8 4 4 1 4   JUDGE:   DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* NINE (9)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 5, 2015

STEPHEN BERNARD
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**EXHIBIT A TO J. BOLLINGER DECL. - PAGE 31**

SHORT TITLE: Case 2:15-cv-04738-DSF-PLA   Document 1-2   Filed 06/22/15   Page 30 of 34   Page ID #:43
OROPEZA v. STARBUCKS CORPORATION, et al.                                          CASE NUMBER

BC 5 8 4 4 1 4

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES    CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7-10 ☐ HOURS/ [X] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)          **CIVIL CASE COVER SHEET ADDENDUM**          Local Rule 2.0
LASC Approved 03-04              **AND STATEMENT OF LOCATION**               Page 1 of 4

EXHIBIT A TO J. BOLLINGER DECL. - PAGE 32

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)          **CIVIL CASE COVER SHEET ADDENDUM**          Local Rule 2.0
LASC Approved 03-04          **AND STATEMENT OF LOCATION**          Page 2 of 4

EXHIBIT A TO J. BOLLINGER DECL. - PAGE 33

SHORT TITLE:
OROPEZA v. STARBUCKS CORPORATION, et al.

CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

**EXHIBIT A TO J. BOLLINGER DECL. - PAGE 34**

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br><br>4800 Laurel Canyon Blvd. |
|---|---|
| CITY:<br>Valley Village | STATE: CA  Z P CODE: 91607 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _6/4/2015_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)          **CIVIL CASE COVER SHEET ADDENDUM**          Local Rule 2.0
LASC Approved 03-04              **AND STATEMENT OF LOCATION**               Page 4 of 4

**EXHIBIT A TO J. BOLLINGER DECL. - PAGE 35**



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

**WCE / ALL**
**Transmittal Number: 13899741**
**Date Processed: 06/15/2015**

| | |
|---|---|
| **Primary Contact:** | Regina Boyd<br>Starbucks Corporation Legal Department<br>2401 Utah Ave. S., Suite 800<br>Seattle, WA 98134 |

| | |
|---|---|
| **Entity:** | Starbucks Corporation<br>Entity ID Number  0178010 |
| **Entity Served:** | Starbucks Corporation |
| **Title of Action:** | Danielle Oropeza vs. Starbucks Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC 5 84414 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/12/2015 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Stephen Bernard<br>310-312-0220 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**EXHIBIT A TO J. BOLLINGER DECL. - PAGE 36**